# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| FAISEL SALEH, ) | |
|      Plaintiff, ) | |
| vs. ) | No. 3:17-CV-170-B-BH |
| ) | |
| TIME WARNER CABLE ) | |
| ENTERPRISES LLC, ) | |
|      Defendant. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this *pro se in forma pauperis* case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed with prejudice as duplicative.

## I. BACKGROUND

On January 20, 2017, Faisel Saleh (Plaintiff) filed this *pro se* case against Time Warner Cable Enterprises LLC (Defendant). (doc. 3 at 1.)[1] He alleges that he entered into a contract with Defendant for internet and home telephone service, and that after he cancelled the service, Defendant delayed giving him a full refund and wrongfully turned the account over to a collection agency. (*Id.* at 2-5.) He alleges discrimination based on race, religion and/or national origin by a business that provides public accommodation, breach of contract, and fraud. (*Id.* at 5-6.)

On September 30, 2016, Plaintiff filed a prior lawsuit against Defendant raising the same claims regarding his service contract as in this case as well as other claims. *See Saleh v. Time Warner Cable*, No. 3:16-CV-2782-G (N.D. Tex.), doc. 3 at 1. The first portion of the complaint

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

in each case is nearly identical, but Plaintiff deleted some of the causes of action he listed in the first lawsuit from his second lawsuit. *Compare* No. 3:16-CV-2782-G, doc. 3 at 1, 5-7, *with* No. 3:17-CV-170-B, doc. 3 at 1, 5-7. He also included more attachments in the second lawsuit. After Defendant moved to dismiss the first action on December 14, 2016, Plaintiff moved on December 19, 2016, to voluntarily dismiss it without prejudice. *See* No. 3:16-CV-2782-G, docs. 13, 19. Defendant filed its opposition to the motion on December 28, 2016. *See id.*, doc. 22.

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may also be dismissed as frivolous when a pauper "file[s] successive *in forma pauperis* suits that duplicate claims made in other pending or previous lawsuits." *Humphrey v. Luna*, 59 F.3d 1242, 1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)).

Plaintiff has filed a prior lawsuit against Defendant raising the same claims regarding the same service contract as in this case, and it remains pending. The only difference between the two cases appears to be the deletion of some claims and correctly naming Defendant. Because this case duplicates claims in his pending lawsuit, it is duplicative. Accordingly, the Court

should dismiss this action with prejudice under 28 U.S.C. § 1915(e)(2)(B).

### III.  RECOMMENDATION

Plaintiff's claims should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2), but the dismissal should be without prejudice to the prosecution of his pending action, *Saleh v. Time Warner Cable*, No. 3:16-CV-2782-G (N.D. Tex.).

**SO RECOMMENDED on this 24th day of January, 2017.**

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```